# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF
    LORRAINE E. KNAUSS

CA 13-01131-WY
BKY 12-17482-SR

## MEMORANDUM

YOHN, J.                                                                                         November 5, 2013

Lorraine Knauss ("Appellant") has appealed from the bankruptcy court's January 30, 2013 order dismissing her Chapter 13 petition with prejudice. I affirm the order of the bankruptcy court for the following reasons.

### I.     Background

Appellant's Chapter 13 petition relates to debts owed to Clearvue Opportunity XV ("Clearvue") arising from a mortgage and a note on 3604 Genesee Place, Philadelphia, PA 19154 ("the Property").[1]

The involvement of Appellant and her daughter, Jessica Knauss,[2] with the Property dates to 1982, when Appellant purchased it with her late husband. Ownership of the Property subsequently changed twice among the Knausses. On April 28, 2006, while a previous Chapter

---

[1] This was Appellant's sixth personal bankruptcy filing. Her previous filings included Chapter 13 cases in 2002, 2003, and 2006 that were dismissed or withdrawn before a reorganization plan was confirmed. Appellant's Chapter 13 action in 1989 and Chapter 7 action in 2001 went to completion and resulted in discharges. Although not party to the instant case, Appellant's daughter, Jessica Knauss, had a Chapter 7 bankruptcy filing in 2007 dismissed for failure to file missing documents.

[2] To avoid possible confusion between Appellant Lorraine Knauss and her daughter Jessica Knauss, I refer to Lorraine Knauss as "Appellant" and Jessica Knauss as "Jessica."

13 bankruptcy of Appellant was pending, Appellant deeded the Property outright to Jessica. That same date, Jessica mortgaged the Property with Clearvue (formerly Madison Equity). When neither Jessica nor Appellant paid the mortgage in a timely fashion, Clearvue foreclosed in the Philadelphia Court of Common Pleas. Clearvue won summary judgment on its foreclosure action on December 20, 2011.

Foreclosure in hand, Clearvue scheduled the Property to be sold at a Philadelphia County Sheriff's Sale on August 7, 2012 at 10:00 a.m. However, on August 6, 2012, Jessica transferred the Property to herself and Appellant jointly, for a stated consideration of $10.[3] Appellant then filed the Chapter 13 petition at issue here on August 7, 2012 at 9:57 a.m. In the view of the Sheriff's office, Appellant's filing automatically stayed the Sheriff's Sale by the terms of 11 U.S.C. § 362.

On August 15, 2012, Clearvue moved to dismiss Appellant's Chapter 13 petition under 11 U.S.C. § 1307(c), claiming Appellant filed her petition in bad faith. On August 29, 2012, the bankruptcy court held a hearing on Clearvue's motion at which Appellant and Clearvue were represented by counsel. The court heard arguments and Appellant and Jessica testified. The bankruptcy court found the following additional facts: the Property was sufficiently encumbered that Appellant had negligible equity in it, if any, and the August 6 conveyance from Jessica to Appellant was a bad faith, evasionary tactic to forestall the Sheriff's Sale. *See Transcript of August 29*, at *7-8. Despite finding the case for dismissal to be "exceedingly strong," the bankruptcy court allowed the action—and the stay of the Sheriff's Sale—to continue while Appellant pursued relief under a Pennsylvania mortgage assistance program. *Id.* at *46-47. As ordered on September 19, 2012, the stay was conditional and Clearvue's motion for dismissal

---

[3] Appellant alleges the Property has been her home since 1982 and the 2006 transfer had been an unintended consequence of an attempt to refinance the Property. She alleges the purpose of this 2012 transfer was to undo the allegedly unintended 2006 transfer, at least in part.

2

would be re-listed if Appellant and/or Jessica did not apply for the mortgage assistance program, failed to diligently pursue program benefits, or had their application denied. Further, any failure by Appellant and/or Jessica to make full, timely payments to Clearvue under a modified loan repayment schedule would result in an automatic lifting of the § 362 stay.

On January 3, 2013, Clearvue filed a certification that Appellant and/or Jessica had been late on their October 2012 scheduled payment. At a subsequent hearing on January 30, 2013, the Chapter 13 Trustee informed the bankruptcy court—and Appellant's counsel conceded—that Appellant had been denied the benefits she had applied for under the Pennsylvania mortgage assistance program. Thereafter, the bankruptcy court noted the terms of the September 19, 2012 order and its previous assessment of the merits of Clearvue's motion to dismiss for a bad faith filing. The bankruptcy court's January 30, 2013 order dismissed Appellant's case with prejudice and, as amended on February 4, 2013, barred Appellant and Jessica from filing a new bankruptcy petition for 180 days without prior leave of the court. The bankruptcy court denied Appellant's emergency petition to stay the dismissal pending appeal, and the Property was sold by Sheriff's Sale on February 5, 2013.

On June 10, 2013, Appellant filed this appeal from the bankruptcy court's January 30, 2013 dismissal of her Chapter 13 claim. She seeks reversal of that order to the extent that it was based on the bankruptcy court's finding that her filing was fraudulent or in bad faith. If the order is not reversed, she seeks that the order be curtailed insofar as it applies to Jessica.

## II. Jurisdiction and Standard of Review

28 U.S.C. § 158(a) grants me jurisdiction to hear this appeal. *See* 28 U.S.C. § 158(a).

Under 11 U.S.C. § 1307(c), the bankruptcy court may dismiss for cause a Chapter 13 filing made in bad faith. *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (citing *In re Lilley*, 91

3

F.3d 491, 496 (3d Cir. 1996)). "Once a party [to a bankruptcy] calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000).

Determining whether a filing has been made in good faith is "a fact intensive determination better left to the discretion of the bankruptcy court." *Myers*, 491 F.3d at 125; *Lilley*, 91 F.3d at 496. Such an inquiry turns on conclusions about the petitioner's purpose and credibility, which the bankruptcy court is particularly well-positioned to assess. *See id.* Moreover, bankruptcy courts possess a "broad power to 'decide whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law.'" *Myers*, 491 F.3d at 126 (quoting *Tamecki*, 229 F.3d at 207). Accordingly, I will not set aside the factual findings of the bankruptcy court unless they are clearly erroneous, and I review with deference the bankruptcy court's discretionary decision to dismiss under § 1307(c). *See id.* at 125.

### III. The Dismissal of Appellant's Petition For Cause

In finding cause to dismiss under § 1307(c), the bankruptcy court proceeded from its finding that the August 6 conveyance of the Property to Appellant and Appellant's immediate filing of the petition constituted "evasionary tactic[s]" to forestall the court-ordered Sheriff's Sale, "possibly grounded in fraud, but, at a minimum, bad faith." *See Transcript of Aug. 29, 2012*, at *8. Explaining why it was "difficult to view this in any other fashion than a desperate litigation tactic," the bankruptcy court noted (1) the summary judgment order for Clearvue in the underlying state foreclosure action; (2) the timing of the transfer on the eve of the scheduled Sheriff's Sale; (3) the lack of meaningful consideration given by Appellant; (4) Appellant's history of serial bankruptcy filings, including years of litigation adverse to Appellant; and (5)

Appellant's previous transfer of the Property on the eve of a different scheduled Sheriff's Sale. *See Transcript of Aug. 29, 2012*, at *14-15.

The bankruptcy court's determinations about Appellant's motivations are factual findings subject to only clear error review. *See Myers*, 491 F.3d at 125. The determinations were based on undisputed facts, and even Appellant's own counsel conceded the conveyance was "problematic." *See Transcript of Jan. 30, 2013*, at *10-12. The bankruptcy court's finding that Appellant acted with evasionary intent in filing was not clearly erroneous, and my review proceeds accordingly. *See Myers*, 491 F.3d at 125.

In the Third Circuit, courts assess the good faith of a bankruptcy petition according to the totality of the circumstances. *Myers*, 491 F.3d at 125; *Lilley*, 91 F.3d at 496. Relevant considerations may include "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's action affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *Id*. Where a debtor has a history of past filings and dismissals, the court may take that into account as probative of a present intent to abuse the bankruptcy process. *See In re Kostyshyn*, 2011 WL 815103, at *2 (D. Del. March 1, 2011) (citing *In re Dami*, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1988) and *In re Oglesby*, 161 B.R. 917 (Bankr. E.D. Pa. 1993)); *In re Barr*, 263 B.R. 496, 498 n. 6 (Bankr. E.D. Pa. 2001).

Within this broader framework, the Third Circuit held in *Myers* that "bankruptcy courts may reasonably find that bad faith exists when the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose." *Myers*, 491 F.3d at 125. Likewise, this judicial district has held that filing a Chapter 13 petition for the sole purpose of preventing

5

foreclosure is ground for dismissal, *In re Lippolis*, 288 B.R. 106, 112 (E.D. Pa. 1998), and it has further counseled that "the probability of success of the debtor's plan is the most important factor in evaluating the good faith of the petition." *In re Jooben*, 385 B.R. 599, 611 (E.D. Pa. 2008). Here, the bankruptcy court reasonably found that Appellant's Chapter 13 filing was part of a scheme by Appellant and Jessica to evade a foreclosure sale ordered by the Court of Common Pleas. And because Appellant had no meaningful equity in the Property, there were no assets to reorganize, such that there could not be a valid reorganizational plan. On such facts, the caselaw of this jurisdiction strongly supports the bankruptcy court's authority to dismiss. *See Myers*, 491 F.3d at 125; *Lippolis*, 288 B.R. at 112; *Jooben*, 385 B.R. at 611.

Moreover, looking to the totality of the circumstances, this was indeed a case where "evidence of bad faith, abuse, and fraudulent conduct was overwhelming." *See Order of February 4, 2013*, at *n.1. By virtue of the automatic § 362 stay, Appellant's filing secured extended possession of property which a state court had ruled must rightly be sold, even though the Chapter 13 reorganizational functions were inapposite. This subversion of the bankruptcy code's protections strongly implies bad faith. And there are numerous additional indicators of bad faith in Appellant's filing: the "timing of the petition" one day after acquisition of the Property and moments before a Sheriff's Sale; "the debtor's motive in filing the petition," which was to evade a Sheriff's Sale; and "how the debtor's action affected creditors," namely by denying Clearvue the relief that it was entitled to by judgment of the Court of Common Pleas. *See Myers*, 491 F.3d at 125; *Lilley*, 91 F.3d at 496. Insofar as there is doubt, Appellant's history of failed Chapter 13 filings means she does not get the benefit of it. *See Kostyshyn*, 2011 WL 815103 at 2; *Barr*, 263 B.R. at 498 n.6.

Dismissal under § 1307 exercises a "broad power" of the bankruptcy court to prevent petitioners from "abus[ing] the provisions, purpose, or spirit of bankruptcy law." *See Myers*, 491 F.3d at 125 (quoting *Tamecki*, 229 F.3d at 207). Given the circumstance of Appellant's filing, the bankruptcy court was well within its discretion to dismiss Appellant's case.

### IV. The Ban on Future Filings As Applied to Jessica

Appellant's brief contends that the bankruptcy court abused its discretion by applying the 180 day filing ban to Jessica. Appellant does not provide the court with any explanation of her position or legal authority in support thereof. Appellant's claim, however, is not justiciable. First, as the duration of the ban was 180 days from January 30, 2013, the ban no longer binds Jessica and/or Appellant and so any repeal of that ban is moot as incapable of providing relief. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). Second, because Jessica is not party to this appeal, I lack jurisdiction to adjudicate her rights. *See Hansberry v. Lee,* 311 U.S. 32, 40 (1940). Third, because my order today affirms the dismissal of Appellant's Chapter 13 petition, orders issued by the bankruptcy court imposing a 180-day ban on subsequent filings by Jessica at this time no longer have force.

An appropriate order follows.